MINCEY & FITZPATRICK, LLC                          Counsel for Plaintiff
BY: Kevin V. Mincey, Esquire                       Montrice Bolden
     Thomas O. Fitzpatrick, Esquire
IDENTIFICATION NOs.: 90201/93204
1500 John F. Kennedy Blvd., Suite 1525             CA No. 1:17-cv-228
Philadelphia, PA 19102
215-587-0006

## IN THE UNITED STATES OF AMERICA DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MONTRICE BOLDEN<br>4162 Fargo St.<br>Erie, PA 16510 | IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA |
| Plaintiff | |
| v. | |
| City of Erie, Pennsylvania<br>626 State Street<br>Erie, PA 16501 | C.A. 1:17-cv-228 |
| and | |
| STEVEN DELUCA, Police Officer<br>Erie Police Dept.<br>626 State Street<br>Erie, PA 16501 | |
| and | |
| IRA BUSH, Police Officer<br>Erie Police Dept.<br>626 State Street<br>Erie, PA 16501 | |
| and | |
| WILLIAM GOOZDICH, Police Officer<br>Erie Police Dept.<br>626 State Street<br>Erie, PA 16501 | |
| and | |
| JACOB SACK, Police Officer<br>Erie Police Dept.<br>626 State Street<br>Erie, PA 16501 | |
| and | |
| NICK STADLER, Police Officer<br>Erie Police Dept.<br>626 State Street<br>Erie, PA 16501 | |
| and | |
| JERRY STEVENS, Police Officer<br>Erie Police Dept.<br>626 State Street<br>Erie, PA 16501 | |

Defendants.

## COMPLAINT

### JURISDICTION

1.      This action is brought pursuant to 28 U.S.C. §1331 and §1343.  This action arises under the provisions of the Civil Rights Act of 1866, as amended 42 U.S.C. §1983. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate claims arising under state law.

### VENUE

2.      Venue is appropriately laid in this Court pursuant to 28 U.S.C. §1391(b) in that the actions complained of took place in Erie, which is within the bounds of the Western District, and Defendants carry on business within the Western District.

### PARTIES

3.      Plaintiff, Montrice Bolden ("Plaintiff"), is an adult individual and citizen of the United States, who resides  at 4162 Fargo Street,  Erie, PA, 16510.

4.      Defendant, City of Erie (hereinafter referred to as the "City") is a municipality in Erie County, Pennsylvania and owns, operates, manages, directs and controls the Erie Police Department, which employs all of the defendant police officers named as parties herein.

5.      At all times relevant to this action, the City acted through its employee police officers as listed below.

6.      Defendant, Steven Deluca, Police Officer (hereinafter referred to as Defendant Deluca) was at all relevant times a police officer with the Police Department of the City of Erie, Pennsylvania.

4

7.      Defendant Deluca is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his/her official capacity and his/her acts were performed under color of the statutes and ordinances of the City and County of Erie and the Commonwealth of Pennsylvania.

8.      Defendant Ira Bush, Police Officer (hereinafter referred to as "Defendant Bush") was at all relevant times a police officer with the Police Department of the City of Erie, Pennsylvania.

9.      Defendant Bush is sued in his/her individual and official capacities and at all times relevant hereto was acting under the color of his/her official capacity and his/her acts were performed under color of the statutes and ordinances of the City and County of Erie and the Commonwealth of Pennsylvania.

10.     At all times relevant to the Complaint, Defendant Sergeant and Defendant Captain were also supervisory officials who were responsible for supervising the other police officers identified herein.

11.     Defendant William Goozdich, Police Officer (hereinafter referred to as "Defendant Goozdich") was at all relevant times a police officer with the Police Department of the City of Erie, Pennsylvania.

12.     Defendant Goozdich is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the City and County of Erie and the Commonwealth of Pennsylvania.

13.     Defendant Jacob Sack, Police Officer (hereinafter referred to as "Defendant Sack") was at all relevant times a police officer with the Police Department of the City of Erie, Pennsylvania.

14.     Defendant Sack is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the City and County of Erie and the Commonwealth of Pennsylvania.

15.     Defendant Nick Stadler, Police Officer (hereinafter referred to as "Defendant Stadler") was at all relevant times a police officer with the Police Department of the City of Erie, Pennsylvania.

16.     Defendant Stadler is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the City and County of Erie and the Commonwealth of Pennsylvania.

17.     Defendant Jerry Stevens, Police Officer (hereinafter referred to as Defendant Stevens) was at all relevant times a police officer with the Police Department of the City of Erie, Pennsylvania.

18.     Defendant Stevens is sued in his individual and official capacities and at all times relevant hereto was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the City and County of Erie and the Commonwealth of Pennsylvania.

## FACTS

19.     On June 27, 2016, at approximately 11:51 pm, Plaintiff was lawfully parked in his vehicle in the parking lot of TJ's Traffic Jam (hereinafter referred to as "TJ's"), located in the area of 1100 Wayne St. in Erie, Pennsylvania.

20.     Defendants Deluca and Stadler were working as partners on June 27, 2016.

21.     Defendants Deluca and Stadler observed Plaintiff's vehicle parked in the parking lot at TJ's running with the lights on.

22.     Defendants Deluca and Stadler did not observe any criminal activity.

23.     Defendants Deluca and Stadler circled the block in their police vehicle in order to further investigate the vehicle and observed Plaintiff's car still in the parking lot running but now with the lights off.

24.     Defendants Deluca and Stadler approached Plaintiff's car and observed him inside.

25.     Additional police vehicles responded to investigate a car parked in the parking lot behind TJ's.

26.     Five police officers were present when Defendant Deluca approached the drivers side of Plaintiff's vehicle.

27.     Defendants Deluca ordered Plaintiff from his car.

28.     In fear of being assaulted Plaintiff attempted to get away but was stopped by Defendants Deluca and Stadler.

29.     Defendants Deluca and Stadler held Plaintiff by each arm.

30.     While being held by Defendants Deluca and Stadler, a third defendant - unknown to Plaintiff at this time -  punched Plaintiff multiple times in his face.

7

31.     Plaintiff was then forcefully taken to the ground while his arms and hands were held behind his back.

32.     Plaintiff was handcuffed by the defendants.

33.     Defendant Bush used his taser on Plaintiff while Plaintiff was handcuffed on the ground.

34.     Plaintiff was kicked and punched about his body while he lay in a prone position, handcuffed on the ground.

35.     Defendants pulled Plaintiff off of the ground, forcing him to stand on his feet.

36.     Defendants then forcefully slammed Plaintiff's head and upper body into the windshield of an unmarked patrol vehicle.

37.     Plaintiff's face hit the windshield with so much force that the windshield cracked.

38.     Defendants then pushed Plaintiff's face into the windshield while they dragged his face from the windshield to the hood of the unmarked patrol vehicle.

39.     Defendants then slammed the back of Plaintiff's head into the roof of the car as they forced him into the unmarked patrol vehicle.

40.     TJ's utilizes video to record the parking lot where Plaintiff was assaulted.

41.     The assault of Plaintiff by the Defendants was captured on video (hereinafter, the "TJ video").

42.     A copy of the TJ video was provided to Counsel by the Erie County District Attorney's office.

43.     The TJ video shows two uniformed officers holding Plaintiff's arms outstretched while a third uniformed officer punches Plaintiff multiple times.

44.    The TJ video also shows multiple uniformed police officers punching and kicking Plaintiff while he lays handcuffed on the ground.

45.    The TJ video shows uniformed officers slamming Plaintiff's face into the windshield of an unmarked patrol car.

46.    The TJ video shows uniformed officers slamming the back of Plaintiff's head into the unmarked patrol car.

47.    Plaintiff was taken University of Pittsburgh Medical Center at Hamot (hereinafter "UPC-Hamot") complaining of facial pain and an inability to open his right eye.

48.    Plaintiff was diagnosed with an acute fracture to his right orbital bone along with other injuries

49.    The incident occurred while Plaintiff was in a non-threatening and defenseless physical position, unarmed, and completely unable to pose any threat to others or defend himself.

50.    Plaintiff did not attempt disarm any police officer on June 27, 2016.

51.    Plaintiff did not assault any police officer on June 27, 2016.

52.    Any injuries suffered by Defendants during the arrest of Plaintiff were the result of the vicious assault that defendants purposefully executed against Plaintiff.

53.    At no time during the incident did any of the Defendants take any action to stop the assault, or to take control of the situation.

54.    Immediately after being assaulted by Defendants, Plaintiff was experiencing pain.

55.    As set forth more fully below, Defendants intentionally used excessive force against the Plaintiff, which was unreasonable, unjustifiable, and unconstitutional.

9

56.     At all relevant times, Defendants knew or should have known that their actions were in violation of Plaintiffs Fourth and Fourteenth Amendment Rights.

57.     Defendants' actions, and the underlying motivation for their actions, were conscience-shocking, and carried out without conscious regard or due care for Plaintiff or the foreseeable consequences of their actions, and with such wanton and reckless disregard of the consequences as to show Defendants' deliberate indifference to the danger of harm and injury to Plaintiff.

58.     As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered and continues to suffer deprivation of his rights, fear, horror, and loss of liberty, all to Plaintiff's great detriment and loss.

59.     As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered and was made to undergo physical pain and horrible mental anguish, all to his great detriment, financial detriment, and personal loss.

60.     Plaintiff's serious injuries were a foreseeable and direct result of the actions and inactions of all Defendants.

61.     Defendants violated Plaintiff's clearly established and well-settled federal constitutional rights, including, but not limited to, his right to substantive due process, liberty, personal security, his right to be free from unreasonable searches and seizures, and his right to be free from the use of excessive, unreasonable and unjustified force.

62.     Furthermore, the Constitutional violations suffered by Plaintiff were the result of the City's policies, procedures, customs, and practices of allowing its officers to make stops without reasonable suspicion, and to use unreasonable and excessive force, thereby violating the civil rights of those with whom they come into contact.

10

63.    The City has maintained, with the deliberate indifference to the impact on citizens, an inadequate system of review of instances of misconduct, abuse of police powers or violation of citizens' rights by police officer, a system which has failed to identify instances of abuse of police powers or violations of citizens' rights by police officers, discipline, more closely supervise, or retain officers who abuse their police powers or violate citizens' rights, including the police officers named as parties herein.

64.    The City was deliberately indifferent to the need for more or different training, rules, regulations, investigations and discipline relating to police officers' use of excessive force and investigatory stops as set forth above.

65.    The foregoing acts, omissions, systemic deficiencies, practices, customs and deliberate indifference constitutes the policies, practices, and customs of the City, and have caused police officers of the City, including the police officers named as parties herein, to violate the constitutional rights of citizens, including Plaintiff.

66.    The rights, violations, and injuries suffered by Plaintiffs were a foreseeable result of the policies, practices, customs, and deliberate indifference of the City.

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT- UNLAWFUL**
**SEARCH AND SEIZURE, USE OF EXCESSIVE FORCE**
**PLAINTIFF VS. ALL DEFENDANTS**

67.    The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

68.    As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's rights protected under the Fourth Amendment to be free from unreasonable search and seizure and to be free from the use of excessive force were violated, and Plaintiff suffered injury as a result.

11

69.     Defendants subjected Plaintiff to these deprivations of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

70.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered damages as set forth above and deprivations of his rights and liberty interests, all to Plaintiff's great detriment and loss.

71.     Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages including the costs of this suit.

72.     Plaintiff is entitled to attorney's fees and the cost of prosecution of this suit pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)      a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii)     compensatory damages in excess of $150,000;

iii)    pre-judgment interest, attorneys' fees and costs;

iv)     punitive damages against the individual defendants in their individual capacities; and,

v)      such other legal and equitable relief as the Court deems just and proper.

12

## COUNT II
### VIOLATION OF THE FOURTEENTH AMENDMENT
### SUBSTANTIVE DUE PROESS
### PLAINTIFF VS. ALL DEFENDANTS

73.    The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

74.    As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's substantive due process rights protected under the Fourteenth Amendment were violated and he suffered grievous bodily injury.

75.    Defendants subjected Plaintiff to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

76.    As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered damages as set forth above and deprivations of his rights and liberty interests, all to Plaintiff's great detriment and loss.

77.    Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages including the costs of this suit.

78.    Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)    a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

13

ii)      compensatory damages in excess of $150,000;

iii)     pre-judgment interest, attorneys' fees and costs;

iv)      punitive damages against the individual defendants in their individual capacities; and,

v)       such other legal and equitable relief as the Court deems just and proper.

### COUNT III
### FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS
### PLAINTIFF VS. ALL DEFENDANTS

79.    The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

80.    As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's procedural due process rights protected under the Fourteenth Amendment were violated and he suffered grievous bodily injury.

81.    Defendants subjected Plaintiff to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiffs' rights would be violated by their actions.

82.    As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered damages as set forth above and deprivations of their rights and liberty interests, all to Plaintiffs great detriment and loss.

83.    Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages including the costs of this suit.

84.    Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S.C. §1988.

14

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of their civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)      a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii)     compensatory damages in excess of $150,000;

iii)    pre-judgment interest, attorneys' fees and costs;

iv)     punitive damages against the individual defendants in their individual capacities; and,

v)      such other legal and equitable relief as the Court deems just and proper.

**COUNT IV**
**VIOLATION OF 42 U.S.C. SECTION 1983: FAILURE TO PROPERLY TRAIN AND SUPERVISE**
**PLAINTIFF VS. DEFENDANT CITY**

85.     The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

86.     The decisions and actions of the officials of the City as set forth herein represented and constituted the official policy and/or customs of the City.

87.     At the time of this incident, it was the policy, practice and/or custom of the City and its police officers to use excessive force and make stops without reasonable suspicion, intimidate citizens wrongfully stopped, conduct unreasonable searches, etc.

88.     In addition, the Constitutional violations suffered by Plaintiff were the result of the City's failure to properly train and supervise its officers with regard to the proper

15

methods for making stops without reasonable suspicion, intimidate citizens wrongfully stopped, conduct unreasonable searches, etc.

89.    Prior to the events described herein, the city developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the City, which policies are more particularly set forth in the preceding paragraphs incorporated herein, that caused the violation of Plaintiff's rights.

90.    As a direct and proximate result of the City's policies, practices, customs, procedures, failure to train and supervise, which are more specifically described above, Plaintiff was injured as stated herein.

91.    As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of the City, as more fully described above, the City violated Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments.

92.    Plaintiff is entitled to attorney's fees and costs of the prosecution of this suit pursuant to 42 U.S.C. §1988.

    WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that Plaintiffs suffered substantial and continuing injury as a result of deprivation of their civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)    a declaration that Defendants, jointly and severally, have violated Plaintiffs civil rights;

ii)    compensatory damages in excess of $150,000;

16

iii)    pre-judgment interest, attorneys' fees and costs;

iv)    punitive damages against the individual defendants in their individual capacities; and,

v)    such other legal and equitable relief as the Court deems just and proper.

## COUNT V
## ASSAULT
### PLAINTIFF VS. DEFENDANT OFFICERS STEVEN DELUCA, IRA BUSH, WILLIAM GOOZDICH, JACOB SACK, NICK STADLER, AND JERRY STEVENS

93.    The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

94.    Defendants intended to and actually placed Plaintiff in fear of imminent, unwarranted, unprivileged, offensive bodily contact.

95.    As a consequence of these actions, Plaintiff suffered bodily injury.

96.    The acts of Defendant Officers, as set forth above, constituted the tort of assault, all to Plaintiff's great detriment and loss.

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)    a declaration that Defendants, jointly and severally, have violated Plaintiffs' civil rights;

ii)    compensatory damages in excess of $150,000;

iii)    prejudgment interest, attorney's fees and costs;

17

iv)    punitive damages against the individual defendants in their individual capacities; and,

v)    such other legal and equitable relief as the Court deems just and proper.

### COUNT VI
### BATTERY
### PLAINTIFF VS. DEFENDANT OFFICERS STEVEN DELUCA, IRA BUSH, WILLIAM GOOZDICH, JACOB SACK, NICK STADLER, AND JERRY STEVENS

93.    The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

94.    Defendants intended to subject Plaintiff to harmful offensive bodily contact and did, in fact, subject him to such bodily contact.

95.    As a consequence of these actions, Plaintiff suffered bodily injury.

96.    The acts of Defendant Officers, as set forth above, constituted the tort of battery, all to Plaintiff's great detriment and loss.

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)    a declaration that Defendants, jointly and severally, have violated Plaintiffs' civil rights;

ii)    compensatory damages in excess of $150,000;

iii)    prejudgment interest, attorney's fees and costs;

iv)    punitive damages against the individual defendants in their individual capacities; and,

18

v)      such other legal and equitable relief as the Court deems just and proper.

**COUNT VII**
**INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS**
**PLAINTIFF VS. DEFENDANT OFFICERS STEVEN DELUCA, IRA BUSH,**
**WILLIAM GOOZDICH, JACOB SACK, NICK STADLER, AND JERRY**
**STEVENS**

100.    The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

101.    Defendant Officers intentionally, recklessly, willfully, and without legal justification, by extreme and outrageous conduct caused severe emotional distress to Plaintiff.

102.    The acts of Defendant Officers alleged in the preceding paragraphs constitute the tort of intentional infliction of emotional distress outrageous conduct all to Plaintiff great detriment and loss.

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)      a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii)     compensatory damages in excess of $150,000;

iii)    prejudgment interest, attorneys fees and costs;

iv)     punitive damages against the individual defendants in their individual capacities; and,

v)      such other legal and equitable relief as the Court deems just and proper.

19

## COUNT VIII

### CIVIL CONSPIRACY
### PLAINTIFF VS. ALL DEFENDANTS

103.    The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

104.    On June 27, 2016, all Defendants named herein acting in concert and conspiracy, committed acts against Plaintiff, including violation of Plaintiff's cicl rights, assault, and battery.

105.    The conduct of all Defendants, acting in concert and conspiracy, was knowingly, intentionally, negligently, maliciously, and/or recklessly and/or with malice.

106.    As a result of all Defendants' conduct, acting in concertand conspiracy, Plainbtiff suffered and continues to suffer physical injuries, apin and suffering, emotional distress, mentak anguish, loss of reputation, scorn of the communin, and/or related financial losses.

107.    Defendants exhibit a normal standards of these and conduct and were willful, malicious, oppressive, outrageous, and justifiable, and therefore, punitive damages are necessary and appropriate.

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

vi)     a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

vii)    compensatory damages in excess of $150,000;

viii)    prejudgment interest, attorneys fees and costs;

ix)    punitive damages against the individual defendants in their individual capacities; and,

x)    such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

108.    The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

109.    Pursuant to F.R.C.P. 38, a jury trial is demanded.


By:  **/s/ Kevin V. Mincey**_____
Kevin V. Mincey, Esquire
Thomas O. Fitzpatrick, Esquire
Attorney IDs: 90201/93204
Mincey Fitzpatrick, LLC
1500 JFK Blvd., Suite 1525
Philadelphia, PA 19102
215-587-0006 (p)
215-587-0628 (f)
Kevin@minceyandfitz.com
Tom@minceyandfitz.com
*Counsel for Plaintiff*

21

## <u>VERIFICATION</u>

I, Montrice Bolden, hereby verify that the facts set forth in the foregoing

Complaint are true and correct to the best of his knowledge, information and belief, and

that this is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn

falsification to authorities.

By: **/s/Montrice Bolden**
Montrice Bolden

## CERTIFICATE OF SERVICE

I, Kevin V. Mincey, hereby certify that on this date, the attached *Complaint* was

served according to the Federal Rules of Civil Procedure upon the following individuals:

City of Erie, Pennsylvania
626 State Street
Erie, PA 16501

STEVEN DELUCA, Police Officer
Erie Police Dept.
626 State Street
Erie, PA 16501

IRA BUSH, Police Officer
Erie Police Dept.
626 State Street
Erie, PA 16501

WILLIAM GOOZDICH, Police Officer
Erie Police Dept.
626 State Street
Erie, PA 16501

JACOB SACK, Police Officer
Erie Police Dept.
626 State Street
Erie, PA 16501

NICK STADLER, Police Officer
Erie Police Dept.
626 State Street
Erie, PA 16501

JERRY STEVENS, Police Officer
Erie Police Dept.
626 State Street
Erie, PA 16501

By: /s/: Kevin V. Mincey
　　　　Kevin V. Mincey

Date: August 18, 2017

23